## 20069. SISK v. SISK.

WYATT, Presiding Justice. The final order and judgment in the suit for divorce and alimony between the parties to the instant case provided among other things as follows: "The jury having decreed that the real estate now owned by I. P. Sisk known as 1396 Courtland Avenue, Macon, Bibb County, Georgia, and further described as part of lot 3, Block 20 of the Napier property . . . shall be sold at private sale at the earliest possible time when a purchaser can be secured who is willing to pay a fair price for said property, and pro-

vided the net proceeds derived from the sale of the property be equally divided between Mrs. Ruth Weaver Sisk and I. P. Sisk. . . It is ordered and adjudged by the court that the verdict of the jury be made the judgment of the court in this regard." In the instant case, I. P. Sisk alleges in his petition that he has undertaken to comply with the judgment of the court in the divorce and alimony suit; has located a purchaser who is willing to pay a fair price for the property; but that the prospective purchaser will not buy the property unless Mrs. Ruth Weaver Sisk will sign the deed, which she has repeatedly refused to do. He alleges that as a result of her refusal to sign the deed, he has incurred and will continue to incur substantial additional expense. The prayers of the petition seek to have the court require the defendant to sign a warranty deed to the property or to have the court decree that a warranty deed executed by the plaintiff will convey good title to the property in question. A general demurrer to the petition was sustained. The exception here is to that judgment. *Held:*

In the view we take of this case, the sole question to be decided is whether the judgment of the court in the divorce and alimony case vested any interest in the property in question in the defendant. It is apparent from a mere reading of the judgment that it did not. The judgment merely gave to the defendant an interest in the proceeds from the sale of the property. Nothing in the judgment in any way prohibits the plaintiff from executing a deed to the property which will convey full and complete title to the purchaser. A court will not order a party to sign a warranty deed conveying property and warranting title to property which he does not own and in which he has no interest. Nor will a court decree that a deed executed by an owner of property will convey fee-simple title unless there is some doubt as to the effect of the deed and some equitable or legal reason for so doing. This does not appear in the instant case. The cases cited and relied upon by the plaintiff in error, none of which are Georgia decisions, all involve situations in which the defendant either had or claimed to have an interest in the property which he was not equitably entitled to have. In the instant case, under the allegations of the petition, the defendant has no interest in the property in question. It is only alleged that she refused to sign a warranty deed to the property, which is consistent

with the position that she neither owns nor claims to own any interest in the property. It therefore appears that the plaintiff is not entitled to any of the relief sought and the judgment of the court below dismissing the petition on general demurrer was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1958—DECIDED JUNE 4, 1958.

*Harry F. Thompson, Clarence H. Clay, Jr.,* for plaintiff in error.

*Hallie B. Bell, Bloodworth & Bloodworth,* contra.